NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

CIVIL ACTION NO. 10-CV-37-KKC

VINCENT MISSOURI                                                                             PETITIONER

VS:                            **MEMORANDUM OPINION AND ORDER**

J. C. ZUERCHER, *Warden*                                                                 RESPONDENT

Vincent Missouri is currently confined in the United States Penitentiary-Big Sandy ("USP-Big Sandy") which is located in Inez, Kentucky. Missouri has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and an amended § 2241 petition, R. 2 & 3. The Court has substituted J.C. Zuercher, the Warden of USP-Big Sandy, as the proper respondent. R. 4.

Missouri has paid the $5.00 filing fee and this matter is now before the Court for full screening. 28 U.S.C. §2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002). The *pro se* petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in a § 2241 petition are taken as true and liberally construed in favor of the petitioner. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

Under 28 U.S.C. §1915(e)(2), a district court can dismiss a case at any time if the court determines the action is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

CLAIMS

Missouri challenges a "Judgment for Revocation of Supervised Release" entered on June 23, 2009, in his federal criminal proceeding in South Carolina. Pursuant to that Judgment, Missouri's supervised release was revoked and he was committed back to the custody of the Bureau of Prisons ("BOP"). Missouri alleges that his right to due process of law, guaranteed by the Fifth Amendment of the United States Constitution, was violated by that action.

ALLEGATIONS OF THE § PETITION
1. Missouri' s Conviction and
Revocation of Supervised Release

On September 24, 2000 Vincent Missouri pleaded guilty in the United States District Court for District of South Carolina, at Greenville ("the Trial Court"), to bank robbery in violation of 18 U.S.C. § 2113(a) and (d). *United States v. Missouri*, 6:00-CR-498-1 (D. S.C.).[1] On January 22, 2001, Missouri was sentenced to a 188-month prison term, to be followed by a term of five years supervised release. Judgment was entered January 29, 2001. *Id*., R. 12.

On October 23, 2008, Missouri's sentence was reduced to time served on motion of the government pursuant to Fed. R. Crim. P. 35. *Id*., R. 43. Missouri commenced supervised release on October 23, 2008. On or about March 13, 2009, Missouri's United States Probation Officer informed the Trial Court that Missouri had violated the terms and conditions of his supervised release as follows:

(1) on March 7, 2009, Missouri was arrested by the Greenville County Sheriff's Office and charged with possession with intent to distribute crack cocaine, possession with intent

---

[1] This Court takes judicial notice of the proceedings in the Trial Court by accessing the Public Access to Court Electronic Records ("PACER") Website.

Case: 7:10-cv-00037-KKC   Doc #: 7   Filed: 03/25/10   Page: 3 of 6 - Page ID#: 45

to distribute crack cocaine within one-half mile of a school, and possession of drug paraphernalia; and

(2) Missouri tested positive for cocaine on March 12, 2009; and (3) Missouri had traveled out of the district without permission.

The Trial Court ordered the issuance of an arrest warrant on March 17, 2009. *Id.*, R. 46. On June 23, 2009, Missouri appeared before the Trial Court for a hearing regarding revocation, and admitted to the second violation. *Id.*, R. 64. Upon hearing testimony of witnesses, the Trial Court determined that Missouri also was guilty of the first and third violations; revoked Missouri's supervised release; and sentenced him to incarceration for a term of thirty-six months. *Id.* Judgment was entered June 24, 2009. *Id.*, R. 68. Missouri filed a notice of appeal on June 29, 2009. *Id.*, R. 69. According to the Trial Court's docket sheet, Missouri's direct appeal of his 36-month sentence is currently pending.

Missouri asked the Trial Court to release him from BOP custody pending appeal. The request was denied on November 25, 2009. *Id.*, R. 89. The Trial Court determined that because Missouri had fled from law enforcement and frequented a high crime area, he would pose a threat to the community if released. *Id.*, p. 4.

## 2. Missouri's Legal Arguments

Missouri alleges in his § 2241 petition, and amended § 2241 petition, that he is being unlawfully confined under the provisions of his original 2000 criminal judgment which ordered five-years of supervised release. Specifically, he argues that the imposition of a term of supervised release violated his right to due process of law under the Fifth Amendment of the United States Constitution.

The thrust of Missouri's claim appears to be that a term of supervised release is an unconstitutional sentence because he was not advised, when he pleaded guilty in 2000 to the underlying offenses, that a separate penalty for violating the terms of his supervised release could also be imposed for the charged offense. In other words, Missouri now argues that his 2000 guilty plea in the Trial Court, to the underlying offenses, was neither knowing nor voluntary because he was unaware, at that time, that a future violation of his supervised release term could result in the imposition of another prison sentence.

## DISCUSSION

Missouri has filed a § 2241 petition, and amended § 2241 petition in this Court, presumably because he is confined in this district. He alleges in his petitions that he is being unlawfully confined under the provisions of his original 2000 criminal judgment. The merits of these arguments, however, cannot be reached because this Court lacks jurisdiction to entertain Missouri's petitions.

The avenue of habeas relief available to federal prisoner who is challenging the imposition of his sentence is found in 28 U.S.C. § 2255(a), which permits a federal prisoner to challenge the legality of his detention by moving the sentencing court "to vacate, set aside or correct the sentence." Under ordinary circumstances, this is the only form of habeas relief open to a federal prisoner who is challenging the imposition of his sentence.[2]

Thus, courts other than the sentencing court are generally without authority to entertain

---

[2] A federal prisoner who is challenging the execution of his sentence, however, may pursue a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461(6th Cir. 2001). This is not the case here, though, as Missouri is clearly challenging the imposition of supervised release, not the manner in which his sentence is being executed or served.

4

habeas petitions from a federal prisoner who seeks to make such a challenge. However, there is an exception to this general rule. Section 2255(e) contains a savings clause that permits a federal court other than the sentencing court to entertain a § 2241 habeas petition from a federal prisoner who is challenging the imposition of his sentence if it appears that the remedy provided by § 2255 "is inadequate or ineffective to test the legality of the [federal prisoner's] detention."

This is an exceedingly narrow exception. Indeed, the Sixth Circuit has held that it only applies "when the petitioner makes a claim of actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). A federal prisoner, such as Petitioner Missouri, who challenges the imposition of any aspect of his sentence, as it was imposed by the sentencing court, must generally file a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Such a motion must be filed in the sentencing court or, in a case where a prisoner is complaining about the revocation of a term of supervised release, in the court where the order of revocation was entered. *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999); *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998).

As noted, Missouri's appeal of his 36-month prison term for violation of his supervised release is currently pending in the Fourth Circuit Court of Appeals. Presumably, Missouri has advanced his Fifth Amendment legal challenges to his 36-month sentence, for violation of the terms of his supervised release, in that direct appeal. If unsuccessful there, Missouri may challenge the imposition of his subsequent 36-month prison term (stemming from violations of his originally imposed supervised release term) in the Trial Court by way of a § 2255 motion to vacate his sentence.

Because in the instant § 2241 proceeding Missouri is simply attacking the validity of his

5

sentence rather than arguing that he is actually innocent, the § 2255(e) savings clause does not assist him. *See United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001); *see also Henderson v. Rios*, No. 08-167-ART, 2008 WL 5274884, at *1 (E.D. Ky. Dec. 16, 2008) (rejecting a similar challenge to supervised release on the basis that the petitioner's claim was not one of actual innocence); *Oatneal v. United States*, No. 06-331-JMH, 2006 WL 2927513, at *2 (E.D. Ky. Oct. 6, 2006) (holding that a challenge to the revocation of a term of supervised release may not be asserted in a § 2241 petition); *Lowe v. United States*, No. 05-02064, 2005 WL 2574155, at *2-*3 (N.D. Ohio Oct. 12, 2005) (same); *McNeair v. Bureau of Prisons*, No. 6:06-11-DCR, 2005 WL 3800593, at *1-*2 (E.D. Ky. Feb. 21, 2005) (same).

Therefore, this Court is without authority to entertain Missouri's § 2241 petition and amended § 2241 petition which. This proceeding will be dismissed, without prejudice.

CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Petitioner Vincent Missouri 's petition for writ of habeas corpus, R. 2, and his amended petition for writ of habeas corpus, R. 3, are **DENIED**.

(2) This action [7:10-CV-00037-KKC] is **DISMISSED**, *sua sponte*, **WITHOUT PREJUDICE**.

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

Dated this 25th day of March, 2010.



Signed By:
*Karen K. Caldwell*
**United States District Judge**