UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

CIVIL ACTION NO. 10-CV-37-KKC

VINCENT MISSOURI                                                        PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

J. C. ZUERCHER, *Warden*                                                RESPONDENT

The Court considers the "Motion for Relief from Judgment Pursuant to Federal Rules of Civil Proc., Rule 60(b)," R. 16, filed by *pro se* Petitioner-Appellant Vincent Missouri. For the reasons set forth below, Missouri's motion will be denied.

BACKGROUND

It is unnecessary to reiterate the procedural history of this action, all of which is set forth in detail in various Orders previously entered in this action on March 25, 2010, [R. 7], and April 6, 2010, [R. 12], respectively. The Court adopts and reiterates its prior discussion of the relevant facts, legal issues, and disposition of same as if set forth herein.

On April 13, 2010, Missouri appealed the dismissal of his 28 U.S.C. §2241 petition. R. 13. According to the website for the United States Court of Appeals for the Sixth Circuit, www.ca6.uscourts.gov, Missouri's appeal, Case No. 10-5381, is currently pending in that court.

In his current motion seeking relief from judgment under Federal Rule of Civil Procedure 60(b), Missouri attached what he describes as "new evidence" which he claims substantiates that he is actually innocent of the criminal conduct causing him to be convicted and sentenced in

2009, in the United States District Court for the District of South Carolina, Greenville Division ("the Trial Court"), for of violating the terms of his supervised release.[1] Missouri's new evidence consists of excerpts from his June 23, 2009, final revocation hearing which transpired in the Trial Court. Missouri contends that the attached transcript establishes that he was improperly charged with violating the terms of his supervised release and that accordingly, he is entitled to relief from the Order and Judgment dismissing his § 2241 petition.

DISCUSSION

As noted, this case is currently on appeal and has been since April 13, 2010. A timely notice of appeal normally will divest the district court of jurisdiction. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S.Ct. 400 (1982). A motion for relief from judgment initiated under Rule 60(b) may not be decided by the district court subsequent to the filing of an appeal from the underlying judgment because, at that point, the appellate court has assumed jurisdiction over the cause. *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993). A district court may decide a Rule 60(b) motion only if the notice of appeal was untimely. *Lewis v. Alexander*, 987 F.2d 392, 394-95 (6th Cir. 1993); *Brooks v. Celeste*, 16 F.3d 104, 108 (6th Cir. 1994) (same); *see also Lewis v. Alexander*, 987 F.2d 392, 394-95 (6th Cir. 1993). For this reason, it appears that the Court lacks jurisdiction to entertain Missouri's Rule 60(b) motion.

According to older Sixth Circuit law, however, a district court can entertain a motion for relief from judgment after an appeal has been filed if it so chooses. *First National Bank of*

---

[1] Missouri was originally sentenced in the Trial Court for committing federal drug offenses on January 22, 2001. In March of 2009, he was again convicted for violating the terms of his supervised release imposed as part of his 2001 criminal sentence.

*Salem, Ohio v. Hirsch*, 535 F.2d 343, 346 (6th Cir. 1976). Whether to hear this type of post-judgment motion while an appeal is pending is a decision within the district court's discretion, and there is no error where the district court decides to let the appeal run its course. *LSJ Investment Co. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999);*Childress v. Williams*, 66 F.Supp2d 878, 879 (E.D. Mich. 1999).[2]

Given this case law, and in an abundance of caution, the Court will therefore further consider Missouri's motion. Rule 60(b)'s criteria, governing the determination of whether relief from judgment is warranted, provides, in relevant part, as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

Missouri's motion does not satisfy any of these criteria, including but not limited to the requirement that the "newly discovered evidence" could not have been discovered earlier by due diligence. Missouri fails to explain why the attached transcript was previously unavailable to

---

[2] In the dissenting and concurring opinion in *Thompson v. Bell*, 580 F. 3d 423 (6th Cir. 2009), Judge Suhrheinrich noted that pursuant to *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002), the proper procedure for seeking relief from a judgment under Rule 60(b) is to file that Rule 60(b) motion in district court even if an appeal is pending; the district court would then indicate whether it would grant the motion, thus allowing the party to move this Court for a remand of the case. *See Thompson*, 580 F.3d at 453.

him. Even going a step further and assuming for argument's sake that the transcript Missouri now attaches was not previously available to him, that fact would not convince this Court that its dismissal of his § 2241 petition was erroneous.

Though courts have considerable discretion in granting relief from judgment pursuant to Rule 60(b), a court's power is limited by public policy favoring the finality of judgments. *See Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir.2001). This is "especially true in an application of subsection (6) of Rule 60(b), which applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Id*. (quotations & citation omitted). Accordingly, "courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity mandate relief." *Id*.

Missouri's motion does not constitute an "unusual or extreme situation" where "principles of equity" mandate relief. On March 25, 2010, this Court determined that Missouri should pursue his challenge to his 2009 federal sentence, for violating the terms of his supervised release, in the Trial Court by way of a motion under 28 U.S.C. § 2255. While Missouri is free to litigate that determination in his pending appeal, the Court stands by that ruling. Missouri's current motion for relief from judgment under Rule 60(b) will, therefore, be denied.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) The "Motion for Relief from Judgment Pursuant to Federal Rules of Civil Proc., Rule 60(b)," R. 16, filed by *pro se* Petitioner-Appellant Vincent Missouri, is **DENIED**.

4

(2) The Clerk of the Court is directed to transmit a copy of this Order to the Clerk of the Sixth Circuit Court of Appeals, referencing Appellate Case No. 109-5381.

Dated this 8th day of July, 2010.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge